**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ARGONAUT GREAT CENTRAL INSURANCE COMPANY                                              PLAINTIFF

VS.                           **CASE NO. 4-11-CV-00206BSM**

JERRY CASEY; WENDY REYNA, as personal representative
for the ESTATE OF MARIA TERESA ORTEZ; AMINTA
ORTEZ; DAISY VILLEDAS; RENEE ARMANDO ROSALES,
as personal representative for the ESTATE OF ANA DEL
CARMEN ORTEZ; MARIA HERNANDEZ, individually, and as
mother and next of kin to KILLIAM HERNANDEZ,
KIMBERLY HERNANDEZ and ASHLEYAMILCAR
HERNANDEZ; ANA ORTIZ; JOSE ESCALANTE; YOLANDA
VELAZQUEZ; JORGE DANIEL CERDA, individually, and as
father and next of kin to LIDANIA CERDA and EDREI CERDA;
CARMEN FLORES; CAROLINA GRANDE; MONICA
ALVARADO; CESAR ZELAYA; SONIA MARTINEZ,
individually, and as mother and next of kin to ABIGAIL
MARTINEZ; GLEN NOREGA; CLEMENTINA CISNEROS;
ROSALINDA SILVA, individually and as mother and next of kin
to JOEL SILVA and JEREY SILVA; JAIME BECERRA,
individually, and as father and next of kin to GWENDOLYN
BECERRA, JOCELYN BECERRA, and BEATRIZ BECERRA;
BERTOBELIO MEJIA; LILIA MEJIA; RUSSELLVILLE
HOLDINGS, LLC d/b/a SAINT MARY'S REGIONAL
MEDICAL CENTER; WASHINGTON REGIONAL MEDICAL
CENTER; CLAY M. BERGER, D.C. d/b/a NATURAL
HEALTHCARE CLINIC; AIR EVAC EMS, INC. d/b/a AIR
EVAC LIFETEAM; ARKANSAS CHILDREN'S HOSPITAL;
QHG OF SPRINGDALE, INC. d/b/a NORTHWEST MEDICAL
CENTER OF WASHINGTON COUNTY; HUMANA;
JOHNSON REGIONAL MEDICAL CENTER; and ARKANSAS
STATE HIGHWAY AND TRANSPORTATION
DEPARTMENT                                                                                                          DEFENDANTS

WENDY REYNA, as personal representative for the ESTATE
OF MARIA TERESA ORTEZ                                                                                COUNTERCLAIMANT

VS.

ARGONAUT GREAT CENTRAL INSURANCE COMPANY          COUNTERDEFENDANT

## ANSWER TO COMPLAINT IN INTERPLEADER

Comes now Separate Defendant, Wendy Reyna, as the personal representative of the Estate of Maria Teresa Ortez (hereinafter referred to as "Defendant"), by and through her attorneys at Keith, Miller, Butler, Schneider, and Pawlik, PLLC, and for her Answer to Complaint in Interpleader does state as follows:

### PARTIES

1. Defendant admits that Plaintiff is an Illinois Corporation with its principal place of business in Peoria, Illinois and that Plaintiff is licensed to do business in Arkansas.

2. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraphs 2-9 of the Complaint and, therefore, those allegations are denied.

3. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

4. Maria Teresa Ortez was a resident of Benton County at the time of her death. Defendant is without sufficient information to either admit or deny the remaining allegations of Paragraph 11 and it is therefore denied.

5. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 12 and it is therefore denied.

### JURISDICTION AND VENUE

6. Defendant admits that this action involves a single-bus accident that occurred on Interstate 40 near the London, Arkansas, that Maria Teresa Ortez was a passenger who ultimately died from her injuries sustained in this wreck, and that the Estate of Maria Teresa Ortez has asserted claims for personal injury and other damages incurred as result of this accident. Defendant is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 13 of the Complaint and, therefore, those allegations are denied.

7. Defendant admits the allegations of diversity jurisdiction contained in Paragraph 14 of the Complaint.

8. Defendant admits the allegations of proper venue contained in Paragraph 15 of the Complaint.

## FACTUAL ALLEGATIONS

9. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

10. Defendant admits that at the time of the accident Plaintiff had issued two (2) policies of insurance, BA-9124636-04 and UMB 9124636-04 to the First Baptist Church of Bentonville, Arkansas. Defendant also admits that based upon information and belief that the First Baptist Church of Bentonville Arkansas is a charitable entity and is therefore immune from suit. However, Defendant denies all other allegations contained in Paragraph 17.

11. Defendant admits that the damages claimed by all defendants will exceed two million dollars ($2,000,000), however, Defendant is without sufficient information to either admit or deny all other allegations contained in Paragraph 18 of the Complaint and, therefore, those allegations are denied.

12. Defendant admits that Rule 22 of The Federal Rules of Civil Procedure permits a Court to receive a deposit of disputed funds into the registry of the Court and that the Court can require all parties in dispute to interplead their claims to the court pursuant to Rule 22(a). However, Defendant denies the act of deposit alone relieves the depositor of liability when there is a dispute as to whether the funds are all of the available funds for deposit.

13. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 20 of the Complaint and, therefore, those allegations are denied.

14. Defendant denies that the Federal Rules of Civil Procedure Rule 22 provide for recovery of attorneys' fees and litigation expenses and denies that Plaintiff is entitled to litigation expenses and attorneys' fees in bringing this action.

15. Defendant denies that Plaintiff is entitled to any fees or costs, including litigation expenses and attorneys' fees and Defendant denies that Plaintiff should be discharged from further liability or participation in this action because the amount of available and deposited funds is in dispute.

## AFFIRMATIVE DEFENSES

16. Defendant affirmatively pleads the defense of estoppel. Based upon Plaintiff's prior actions, statements, and other conduct, Plaintiff is estopped from denying the availability of three million dollars ($3,000,000) in insurance coverage.

WHEREFORE, for the above-stated reasons and for those further stated in the simultaneously filed Motion for Declaratory Judgment and Brief in support thereof, Separate Defendant, Wendy Reyna, as Personal Representative of the Estate of Maria Teresa Ortez, respectfully requests that this Court does not discharge Plaintiff from further liability and does not award attorneys' fees or costs to Plaintiff. Further, Defendant affirmatively asks that the Court require the two million dollars ($2,000,000) in undisputed coverage to be immediately deposited into the registry of the court pending further litigation and decisions as to the disputed amount, that the Court grant Defendant all other relief allowed by law.

        Respectfully submitted,

        Wendy Reyna, as Personal Representative for the
        Estate of Maria Teresa Ortez, Counterclaimant

By:**/s/ Sean T. Keith**
    Bar No. 93158
    Keith, Miller, Butler, Schneider Pawlik, PLLC
    224 S. 2nd Street
    Rogers, Arkansas 72756
    Telephone: (479) 621-0006
    Email: skeith@arkattorneys.com

## CERTIFICATE OF SERVICE

I, Sean T. Keith, hereby certify that on the 9th day of March, 2011, I electronically filed the foregoing with the Clerk of the Court using the EM/ECF system, which shall send notification of such filing to the following:

Mr. Jonathan E. Baker
Barber, McCaskill, Jones & Hale, P.A.
Regions Center
400 W. Capitol Ave., Suite 2700
Little Rock, AR 72201-3414
jbaker@barberlawfirm.com
jonathanebaker@hotmail.com
SCongdon@barberlawfirm.com

Mr. Scott Michael Strauss
Barber, McCaskill, Jones & Hale, P.A.
Regions Center
400 W. Capitol Ave., Suite 2700
Little Rock, AR 72201-3414
sstrauss@barberlawfirm.com
jharvey@barberlawfirm.com

        /s/ Sean T. Keith
        Sean T. Keith