## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**ARGONAUT GREAT CENTRAL INSURANCE COMPANY**                    **PLAINTIFF**

**VS.**                          **CASE NO. 4-11-CV-00206BSM**

**JERRY CASEY; WENDY REYNA, as personal representative for
the ESTATE OF MARIA TERESA ORTEZ;
AMINTA ORTEZ; DAISY VILLEDA;
RENEE ARMANDO ROSALES, as personal representative for
the ESTATE OF ANA DEL CARMEN ORTEZ;
MARIA HERNANDEZ, individually, and as mother and next of kin
to KILLIAM HERNANDEZ, KIMBERLY HERNANDEZ and
ASHLEY AMILCAR HERNANDEZ; ANA ORTIZ; JOSE ESCALANTE;
YOLANDA VELAZQUEZ; JORGE DANIEL CERDA,
individually, and as father and next of kin to
LIDANIA CERDA and EDREI CERDA; CARMEN FLORES;
CAROLINA GRANDE; MONICA ALVARADO; CESAR ZELAYA;
SONIA MARTINEZ, individually, and as mother and next of kin to
ABIGAIL MARTINEZ; GLEN NOREGA; CLEMENTINA CISNEROS;
ROSALINDA SILVA, individually and as mother and next of kin to
JOEL SILVA and JEREY SILVA; JAIME BECERRA, individually,
and as father and next of kin to GWENDOLYN BECERRA,
JOCELYN BECERRA, and BEATRIZ BECERRA;
BERTOBELIO MEJIA; LILIA MEJIA;
RUSSELLVILLE HOLDINGS, LLC d/b/a SAINT MARY'S REGIONAL
MEDICAL CENTER; WASHINGTON REGIONAL MEDICAL CENTER;
CLAY M. BERGER, D.C. d/b/a NATURAL HEALTHCARE CLINIC;
AIR EVAC EMS, INC. d/b/a AIR EVAC LIFETEAM;
ARKANSAS CHILDREN'S HOSPITAL; QHG OF SPRINGDALE, INC. d/b/a
NORTHWEST MEDICAL CENTER OF WASHINGTON COUNTY;
HUMANA; JOHNSON REGIONAL MEDICAL CENTER;
and ARKANSAS STATE HIGHWAY AND
TRANSPORTATION DEPARTMENT**                          **DEFENDANTS**


**WENDY REYNA, as personal representative for the ESTATE
OF MARIA TERESA ORTEZ**                          **COUNTERCLAIMANT**

**VS.**

**ARGONAUT GREAT CENTRAL INSURANCE COMPANY**     **COUNTER-DEFENDANT**

## SEPARATE DEFENDANT DAISY VILLEDA'S
## ANSWER TO COMPLAINT IN INTERPLEADER

Comes now the separate defendant, Daisy Villeda, by and through her undersigned attorney, Donald B. Kendall, and for her Answer to Complaint in Interpleader states as follows:

1.     Villeda admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.     Villeda is without sufficient information to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     Villeda is without sufficient information to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     Villeda is without sufficient information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.     Villeda is without sufficient information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     Villeda is without sufficient information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.     Villeda is without sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.     Villeda is without sufficient information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     Villeda is without sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Villeda admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Villeda admits that she was a passenger in a bus operated by First Baptist Church of Bentonville when it was in an accident that resulted in her personal injury. Villeda admits that she is a resident of Benton County, Arkansas. Villeda is without sufficient information to admit or deny the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Villeda is without sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, denies same.

13.     Villeda admits that this is an interpleader action that involves a single-bus accident near London, Arkansas. Villeda admits that she was on the bus, suffered personal injuries as a result of the accident, and is asserting a claim as a result of the injuries she sustained. Villeda is without sufficient information to admit or deny the remaining allegations of Paragraph 13 of Plaintiff's Complaint and, therefore, denies same.

14.     Villeda admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Villeda admits the allegations contained in Paragraph 15 of Plaintiff's Compliant.

16.     Villeda admits that this action involves a single-bus automobile accident that occurred on or about April 24, 2010 near London, Arkansas, and that the bus was owned and operated by the First Baptist Church of Bentonville. Villeda is without

sufficient information to admit or deny the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Villeda admits that Plaintiff had issued policy number BA-9124636-04 and UMB 9124636-04 to the First Baptist Church of Bentonville.     Villeda is without sufficient information to admit or deny that the First Baptist Church is a charitable or eleemosynary entity otherwise immune from suit.   Villeda denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Villeda admits that the damages claimed will likely exceed available coverage.   Villeda is without information to admit or deny the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Villeda admits that Rule 22 of the Federal Rules of Civil Procedure permits a court to receive a deposit of disputed funds into the registry of the Court.   Villeda denies the remaining allegations of Paragraph 19 of Plaintiff's Complaint.

20.     Villeda is without sufficient information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Villeda denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Villeda denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Villeda denies each and every allegation not otherwise specifically admitted to herein.

24.     Villeda affirmatively requests that the deposit of the funds be made in accordance with Local Rule 67.1 and that the funds be deposited into an interest-bearing account in a financial institution insured by the FDIC.

25.     Contemporaneously herewith, Villeda has filed a counter-claim and incorporates the allegations as if set forth word for word herein.

26.     Villeda asserts the affirmative defense of estoppel.

27.     Villeda reserves the right to amend this Answer as discovery is ongoing.

WHEREFORE, separate defendant, Daisy Villeda, respectfully requests that the Plaintiff be directed and authorized to deposit the undisputed funds of $2,000,000.00 into an interest bearing account with the registry of this Court; that the defendants be require to strict proof as to any claims for payment; that the Court deny Plaintiff's request to be discharge from further liability in accordance with the allegations of Villeda's Counterclaim; that the Court deny Plaintiff's request for attorneys' fees and litigation expenses; and that Villeda be awarded all other just and proper relief to which she may be entitled.


Respectfully submitted,


/s/ Donald B. Kendall (70037)
dbk@kendalldrewyor.com
/s/ Susan Keller Kendall (98119)
skk@kendalldrewyor.com
Kendall Drewyor Law Firm
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Telephone:  (479) 464-9828
Facsimile:  (479) 464-9768

ATTORNEYS FOR DAISY VILLEDA

## CERTIFICATE OF SERVICE

I, Donald B. Kendall, hereby certify that on the 17th day of March, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following attorneys of record:

Mr. Scott Michael Strauss
Mr. Jonathan E. Baker
Barber, McCaskill, Jones & Hale, P.A.
400 West Capitol Ave., Suite 2700
Little Rock, AR  72201-3414

Mr. Sean T. Keith
Keith, Miller, Butler, Schneider, Pawlick, PLLC
224 S. 2nd Street
Rogers, AR  72756

/s/ Donald B. Kendall