## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

ARGONAUT GREAT CENTRAL INSURANCE
COMPANY

PLAINTIFF

vs.                                 **CASE NO. 4-11-CV-00206BSM**

JERRY CASEY; WENDY REYNA, as personal
representative for the ESTATE OF MARIA TERESA
ORTEZ; AMINTA ORTEZ; DAISY VILLEDAS; RENE
ARMANDO ROSALES, as personal representative for the
ESTATE OF ANA DEL CARMEN ORTEZ; MARIA
HERNANDEZ, individually, and as mother and next of kin
to KILLIAM HERNANDEZ, KIMBERLY HERNANDEZ
and ASHLEYAMILCAR HERNANDEZ; ANA ORTIZ;
JOSE ESCALANTE; YOLANDA VELAZQUEZ; JORGE
DANIEL CERDA, individually, and as father and next of
kin to LIDANIA CERDA and EDREI CERDA; CARMEN
FLORES; CAROLINA GRANDE; MONICA
ALVARADO; CESAR ZELAYA; SONIA MARTINEZ,
individually, and as mother and next of kin to ABIGAIL
MARTINEZ; GLEN NOREGA; CLEMENTINA
CISNEROS; ROSALINDA SILVA, individually and as
mother and next of kin to JOEL SILVA and JEREY
SILVA; JAIME BECERRA, individually, and as father and
next of kin to GWENDOLYN BECERRA, JOCELYN
BECERRA, and BEATRIZ BECERRA; BERTOBELIO
MEJIA; LILIA MEJIA; RUSSELLVILLE HOLDINGS,
LLC d/b/a SAINT MARY'S REGIONAL MEDICAL
CENTER; WASHINGTON REGIONAL MEDICAL
CENTER; CLAY M. BERGER, D.C. d/b/a NATURAL
HEALTHCARE CLINIC; AIR EVAC EMS, INC. d/b/a
AIR EVAC LIFETEAM; ARKANSAS CHILDREN'S
HOSPITAL; QHG OF SPRINGDALE, INC. d/b/a
NORTHWEST MEDICAL CENTER OF WASHINGTON
COUNTY; HUMANA; JOHNSON REGIONAL
MEDICAL CENTER; and ARKANSAS STATE
HIGHWAY AND TRANSPORTATION DEPARTMENT

DEFENDANTS

WENDY REYNA, as personal representative for the
ESTATE OF MARIA TERESA ORTEZ; and RENE
ARMANDO ROSALES, as personal representative for the
ESTATE OF ANA DELCARMEN ORTEZ

COUNTERPLAINTIFFS

vs.

ARGONAUT GREAT CENTRAL INSURANCE
COMPANY

COUNTERDEFENDANT

## BRIEF IN SUPPORT OF MOTION TO PREVENT RECOVERY OF PLAINTIFF'S ATTORNEYS' FEES

COMES NOW, Rene Armando Rosales, as the personal representative of the Estate of Ana DelCarmen Ortez, by and through his attorney Wesley A. Cottrell, and for his Brief in Support of Motion to Prevent Recovery of Plaintiff's Attorneys' Fees, hereby joins, incorporates, restates and realleges, word for word, the position of Defendant/Counterclaimant Wendy Reyna, personal representative for the Estate of Maria Teresa Ortez.

### I. Introduction

This Court should not allow the Plaintiff to recover attorneys' fees and costs for the filing of this interpleader action. The decision of whether or not to award attorneys' fees in an action for interpleader is entirely within the discretion of the Court. Clark v. Paul Revere Life Ins. Co., 417 F.2d 683 (1969). Historically, Arkansas courts have held that the remedy of interpleader should be a simple, economical process and that large fees to the filing counsel that deplete the deposited funds are not justified. Hunter v. Federal Life Insurance, Co., 111 F.2d 551 (8th Cir. 1940). In order to provide for a simple and economical outcome, this Court should not allow the Plaintiff to recoup attorneys' fees from the deposited funds for the following reasons: 1) Plaintiff is not an entirely disinterested stakeholder; 2) this action was brought primarily for the insurer's own self-interest in saving money; 3) the Federal Rules of Civil Procedure do not make a statutory allowance for attorneys' fees; and 4) The factors considered by Federal Courts show that the Plaintiff should not be entitled to attorneys' fees and costs.

### II. Plaintiff Is Not A Disinterested Stakeholder in This Action

This Court should not grant attorneys' fees to the Plaintiff because the Plaintiff has an interest beyond that of a disinterested stakeholder in this action. Argonaut provided insurance coverage to First Baptist Church of Bentonville, Arkansas (hereinafter, "FBC") which is a charitably immune organization. As such, Argonaut steps into the shoes of FBC via the direct action statute.

A.C.A. §23-79-210. Because of their status under the direct action statute, Argonaut is not just the disinterested stakeholder of a sum of insurance proceeds, Argonaut is the party to be sued. Here, there is dispute as to whether Argonaut Great Central Insurance Company (hereinafter, "Argonaut") has deposited all of the available funds into the registry of the Court. Because of this, Argonaut still has a financial stake in the litigation and they stand to lose or retain approximately one million dollars ($1,000,000). Such a status hardly allows Argonaut, who is both the Plaintiff and the insurer in this case, to claim a disinterested stakeholder status. Arkansas courts have held on multiple occasions that attorneys' fees can be granted to truly disinterested stakeholders. However, there is no case law on point to show whether interested stakeholders, under the same logic, are not entitled to costs and attorneys' fees. Farmer's Insurance Co. v. Personal Representative of Mitchell, 755 F.Supp. 255 (W.D. Ark. 1989); Equifax, Inc., 463 F. Supp. 352. However, the Appellate Court of Oregon has spoken directly to this issue and has stated that "Courts generally do not award costs and attorney's fees to an interested stakeholder, nor to a stakeholder who denies liability in whole or in part." Country Casualty Ins. Co. v. Villa-Chavez, 228 Or.App. 677, 208 P.3d 1036 (Or.App. 2009)(quoting 4 Moore's § 22.06 at 22-102).

The Oregon court's holding is in keeping with these previous holdings by Arkansas Federal District Courts, despite the fact that it has not yet been directly addressed in Arkansas. Although Arkansas Courts have held that a disinterested stakeholder who deposits funds into the court's registry, should be allowed their necessary out-of-pocket expenses incurred as result of filing the interpleader action, this Court should not allow such expenses where the stakeholder is an interested party. Hunter v. Federal Life Insurance Co., 111 F.2d 551 (8th Cir. 1940).

### III. Plaintiff Should Not Be Allowed Attorneys' Fees Because This Action Is Being Brought Solely For Its Own Self-Interest

As an interested stakeholder in this action, Plaintiff is bringing this action in interpleader primarily for its own self-interest in saving money. The court in Emcasco Insurance Co. v. Davis,

753 F.Supp. 1458 (W.D. Ark. 1990) held that an insurer is not entitled to an award of attorney fees and costs in bringing an interpleader action where the interpleader action was brought primarily in insurer's self-interest in saving defense and administrative costs which it was contracted to provide pursuant to automobile policy. Although factually different, the situation in this case is similar to that in Emcasco. Here, although the policy holder, FBC, is immune from suit, Argonaut is not immune. Argonaut could be sued by multiple individuals to determine what Argonaut owes to each injured passenger. Just as in Emcasco, the injured parties in this case have injuries that exceed the insurance amounts available under the policies. However, in Emcasco, the court did not allow the insurance company to recover their attorney's fees because the interpleader was filed simply to save the insurance company litigation expenses and to help avoid contractual duties of defense. Although Argonaut has no duty to defend FBC because it is immune from suit, Argonaut does have a duty to deposit all available funds into the Court's registry before asking to be dismissed from further litigation. Attempting to deposit part and have further liability waived is a self-serving attempt at avoiding costs and direct attempt to save one million dollars ($1,000,000) of their own money.

If Argonaut were merely a disinterested stakeholder threatened by multiple lawsuits requesting damages from the same fund, then perhaps at the Court's discretion, Argonaut might be entitled to reasonable costs and attorneys' fees. However, where the insurer is both the stakeholder and has failed to deposit the full amount of available funds, depositing part of the funds into the Court's registry is a self-serving action done only to save Argonaut money in the long run. Such self-serving and self-interested actions by an insurer should not entitle them as a matter of course to attorneys' fees and costs.

## IV. The Federal Rule of Interpleader Does Not Automatically Grant Attorney's Fees to an Interpleading Party

Argonaut is not entitled to statutory attorneys' fees in this case. Plaintiff's counsel invokes F.R.C.P. Rule 22 in its Complaint, paragraph 21 as the basis for asking for attorneys' fees. However,

this is a misplaced basis because attorneys' fees are not routinely granted in interpleader actions. Federal Rules of Civil Procedure, Rule 22, does not automatically grant attorneys' fees to a party who seeks to deposit funds into the registry of the court and walk away. As is pointed out by the court in Emcasco, 753 F.Supp. 1458, 1464, (quoting 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1719 at p. 629 (1986)), "Neither Rule 22 nor the interpleader statutes contain an express reference to costs and attorney's fees. However, as indicated in that article, courts have discretion to award costs and attorney's fees in appropriate interpleader cases 'whenever it is fair and equitable to do so'."

In Federal Court, it is not a foregone conclusion that the court will award attorneys' fees and litigations costs. Instead, fees and costs are available when the party initiating the interpleader is acting as a mere stakeholder. Here, as noted before, Argonaut is not simply a disinterested stakeholder, they are an interested party. If Argonaut were a defendant to litigation for the passengers' injuries, they would not be entitled to deduct their attorneys' fees and litigation costs from the amounts paid to the injured parties. In this case, since Argonaut is more than a stakeholder depositing funds in which it has no interest, the Court should under its discretion determine that Argonaut is not entitled to attorneys' fees and costs in filing this interpleader action.

### V. The Factors Considered By Federal Courts in Allowing Attorneys' Fees and Costs Are Not Met by the Plaintiff

The equitable factors in this case point away from allowing the Plaintiff to recover fees and costs. The scope and number of injuries is clearly more than the insurance limits. The deposited funds come up woefully short of making all of the injured passengers whole and this Court should not allow further inequity by allowing the Plaintiff insurance company to deplete the fund by taking out their fees and costs in this action.

Not only do Federal Courts look to equitable factors to determine whether attorneys' fees will be awarded, they also look to several other factors. These include, whether stakeholder acted in good

faith and with diligence, whether the services rendered benefited stakeholder, and whether the defendants improperly prolonged the proceedings. Prudential Property & Cas. Co. v. Baton Rouge Bank & Trust Co., 537 F.Supp. 1147 (M.D.Ga.1982). The stakeholder in this case has not acted in good faith because they have offered to deposit less than the full amount of coverage. The services for which Plaintiff is attempting to recover fees benefit only the Plaintiff because it saves the Plaintiff litigation costs and could potentially save them from having to deposit an additional one million dollars into the registry of the Court. Additionally, the Defendants in this case have done nothing to prolong the proceedings and have instead made many good faith efforts to expedite the proceedings.

This Court should not award fees and costs to the Plaintiff because the Plaintiff has not initiated this interpleader action in good faith. Although for several months the Plaintiff read the policy as providing for three million dollars ($3,000,000) in coverage and conveyed that knowledge to the Defendants and their counsel, at the time of filing the interpleader, Plaintiff changed their mind. In other federal districts, when a Plaintiff to an interpleader action is disputing the amount of their liability, the courts have refused to award attorneys' fees and costs. See National Life Ins. Co. v. Alembik-Eisner, 582 F.Supp.2d 1362 (N.D.Ga.2008). "Although costs and attorney fees are generally awarded by federal courts to the plaintiff who initiates the interpleader as a mere stakeholder, the plaintiff who enters the conflict...by disputing the correct amount of his liability, will not, in the absence of special circumstances, be awarded any expenses." Id. at 1371. The combined actions of the Plaintiff, including acting in bad faith and acting only in their own self-interest should prevent the Plaintiff from recovering for their costs and attorneys' fees.

### VI. If Plaintiff Is Awarded Attorneys' Fees, They Should Be Limited and Reasonable

The injured parties in this case are numerous and the damages they have incurred are immense. Argonaut has stated in its Complaint for Interpleader that the damages claimed by the defendants "will likely exceed available coverage." With a total of two deaths and seventeen injured parties, several of whom suffered catastrophic injuries, the damages will certainly exceed the limits

of coverage whether those limits are two million dollars ($2,000,000) or three million dollars ($3,000,000). Separate Defendant has raised the argument of coverage limitations in her separate Motion for Declaratory Judgment filed in this case. The filing of an action for interpleader is not a complicated legal process for the filing party and their attorneys. For this reason, Federal Courts have held that "the amount of the fee should be modest, both in view of the relatively routine services involved and in order not to deplete the fund, which belongs to the claimants, not to the stakeholder". Equifax, Inc. v. A.D. Luster, 463 F. Supp. 352, 357 (E.D. Ark. 1978)(citing Hunter, 111 F.2d. 551, 557). Further, in Footnote 10 of Equifax, the court noted that the attorneys' fees should be limited to those strictly related to the interpleader and should not include any attorneys' fees for time spent in analyzing, avoiding, or limiting liability of the stakeholder.

This Court should not allow Argonaut to deplete the interpled fund by receiving costs and attorneys' fees to which they would not have been entitled had they been individually sued by the separate defendants. However, if in its discretion this Court chooses to award attorneys' fees and costs, they should be limited, modest, and should be only for those services strictly related to the filing of the interpleader action itself.

## VII. Conclusion

This Court should not allow Argonaut to recovery fees and costs because Argonaut is more than a disinterested stakeholder. Additionally, Argonaut has filed this interpleader for its own self-interest in saving money. Although the desire to save money would be enough to recover fees if Argonaut were merely a disinterested stakeholder, it is not enough where the party seeking to be relieved of liability is an interested stakeholder who is refusing to deposit the entire amount of available funds. Further, Argonaut should not be allowed to recovery attorneys fees because the Federal Rules of Civil Procedure do not allow for an automatic grant of fees and costs to an interpleading party. Finally, this Court should look closely at the equitable factors and determine that the equitable thing to do would be to require that the interpled funds in their entirety be used to pay

the injured passengers' damages. For the foregoing reasons, Defendant requests that this Court prevent recovery of Plaintiff's attorneys' fees and litigation costs from the interpled funds.

Respectfully submitted,

Rene Armando Rosales, as Personal
Representative for the Estate of Ana
DelCarmen Ortez, Counterclaimant

By: __/s/ Wesley A. Cottrell_____
Wesley A. Cottrell
Arkansas Bar No. 89050
Cottrell Law Office
117 South Second Street
Rogers, Arkansas  72756
(479) 631-6464; (479) 631-4114 (facsimile)
wes@cottrelllawoffice.com

## CERTIFICATE OF SERVICE

I, Wesley A. Cottrell, hereby certify that on the 17th day of March, 2011, I electronically filed the foregoing with the Clerk of the Court using the EM/ECF system, which shall send notification of such filing to the following:

Mr. Jonathan E. Baker
Barber, McCaskill, Jones & Hale, P.A.
Regions Center
400 W. Capitol Ave., Suite 2700
Little Rock, AR 72201-3414
jbaker@barberlawfirm.com
jonathanebaker@hotmail.com
SCongdon@barberlawfirm.com

Mr. Scott Michael Strauss
Barber, McCaskill, Jones & Hale, P.A.
Regions Center
400 W. Capitol Ave., Suite 2700
Little Rock, AR 72201-3414
sstrauss@barberlawfirm.com
jharvey@barberlawfirm.com

__/s/ Wesley A. Cottrell_____