**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ARGONAUT GREAT CENTRAL INSURANCE COMPANY                           PLAINTIFF

V.                                    **CASE NO.  4-11-CV-0206**

JERRY CASEY; WENDY REYNA, as personal representative for
the ESTATE OF MARIA TERESA ORTEZ; et. al.                                   DEFENDANTS

WENDY REYNA, as personal representative for the ESTATE
OF MARIA TERESA ORTEZ                                                 COUNTERCLAIMANT

V.

ARGONAUT GREAT CENTRAL INSURANCE COMPANY   COUNTERDEFENDANT

## ANSWER TO COMPLAINT IN INTERPLEADER

Comes now, the Defendant, Sonia Martinez, individually, and as mother and next of kin to A.M. by and through her attorneys, Joyce Law Firm, and for her Answer to Plaintiff's Complaint in Interpleader, states as follows:

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies them.

3. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore denies them.

4. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies them.

5. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies them.

6. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies them.

7. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore denies them.

8. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies them.

9. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies them.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that she and her daughter A.M. were residents of Benton County Arkansas at the time of the subject collision, but lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies them.

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint in Interpleader, but reserves the right to plead subsequently regarding any basis for exception to the charitable immunity rule.

13. Defendant admits that she and her daughter, D.M., were on the bus that was involved in a single-bus collision, that they were injured on the bus as were many of the other defendants, but lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies them.

14. Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the issuance of the two policies by Plaintiff, the numbers of those policies, that they were issued to First Baptist Church of Bentonville, and that the church is

a charitable entity general immune from suit, but lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies them.

18. Defendant admits that the damages claimed by defendants will likely exceed $2,000,000, but lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies them.

19. Defendant admits that Rule 22 of the Federal Rules of Civil Procedure permits a Court to receive a deposit of disputed funds into the registry of the Court and that the Court can require all parties in the dispute to interplead their claims to the Court pursuant to Rule 22(a); however, Defendant denies that the act of deposit alone relieves the depositor of liability when there is a dispute as to whether the funds deposited are all of the funds available for deposit.

20. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies them.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies each and every other allegation contained in Plaintiff's Complaint not otherwise specifically admitted herein.

24. Defendant asserts the affirmative defense of estoppel in that Plaintiff should be estopped from denying the availability of $3,000,000 in insurance proceeds.

25. Defendant incorporates by reference all the allegations of her counterclaim as if set forth word for word herein.

26. Defendant reserves the right to amend this Answer as discovery is ongoing.

WHEREFORE, Defendant respectfully requests that the Court direct and authorize the Plaintiff to deposit the undisputed insurance funds of $2,000,000 into an interest bearing

account with the registry of this Court; that the Court not discharge Plaintiff from further liability pending discovery and litigation as to the disputed additional $1,000,000 of coverage funds; that the Court deny Plaintiff's request for attorney fees and costs; and for any and all other relief allowed by law.

        Respectfully submitted,
        Sonia Martinez, individually, and as mother and next of kin to A.M., Defendant

By: *D K Joyce*
        Joyce Law Firm
        D. Kirk Joyce
        Counsel for the Defendant
        Arkansas Bar No. 96189
        440 N. College Ave., Suite 2
        Fayetteville, AR 72701
        Ph:  (479) 442-5577
        Fax: (479) 442-2103

## CERTIFICATE OF SERVICE

      This is to certify that I have this day served counsel(s) for the opposing party in the above captioned matter a true and correct copy of this pleading by electronic filing this 24th day of March, 2011.

        *D K Joyce*
        D. Kirk Joyce