IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ARGONAUT GREAT CENTRAL INSURANCE COMPANY                    PLAINTIFF

V.                         **CASE NO.  4-11-CV-0206**

JERRY CASEY; WENDY REYNA, as personal representative for
the ESTATE OF MARIA TERESA ORTEZ; et. al.                   DEFENDANTS

SONIA MARTINEZ, Individually and
as mother and next of kin to A. M.                          COUNTERCLAIMANT

V.

ARGONAUT GREAT CENTRAL INSURANCE COMPANY   COUNTERDEFENDANT

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

Comes now, the Defendant, Sonia Martinez, individually, and as mother and next of kin to A.M., by and through her attorneys, Joyce Law Firm, and for her Counterclaim for Declaratory Judgment pursuant to FRCP 57 does state and allege as follows:

1.    Argonaut Great Central Insurance Company (hereinafter referred to as "Argonaut") with a listed place of business as 3625 North Sheridan Road, Peoria, Illinois 61533, is an Illinois corporation that conducts business in Arkansas.

2.    Sonia Martinez and A.M, (hereinafter referred to as "Defendant") are residents of Benton County Arkansas.

3.    Jurisdiction and venue are proper.

4. On or about April 24, 2010, Sonia Martinez and A.M., along with approximately twenty-nine others, were passengers in a commercial bus owned by First Baptist Church of Bentonville (hereinafter "FBC") and driven by Elaine A. Casey, a driver authorized by FBC to transport this group of passengers to a conference in Little Rock, Arkansas.

5. The driver's negligence caused the bus to turn over, resulting in injuries to many of the passengers, including Mrs. Martinez and A.M., who were both permanently disabled to varying degrees.

6. FBC had purchased multiple policies for this commercial bus from Argonaut, which provided coverage for liability, medical payment, uninsured, underinsured and excess (umbrella) coverage.

7. FBC is protected by the doctrine of charitable immunity and therefore Argonaut is liable under Arkansas' "direct action statute" - Ark. Code. Ann. § 23-79-210.

8. On March 2, 2010, Argonaut filed an interpleader action under Rule 22 of the Federal Rules of Civil Procedure requesting the Court to authorize and direct it to deposit the two million dollars ($2,000,000) in insurance proceeds into the Registry of the Court for division among all Defendants.

9. Argonaut represented that two million dollars ($2,000,000) was the limit of the policies covering the FBC bus, and asked that it be absolved of any further liability upon the deposit of the funds into the Registry of the Court.

10. Pursuant to Argonaut's policies the amount of coverage available to the Defendant and the other passengers on the FBC bus is three million dollars ($3,000,000.00) – not two million dollars ($2,000,000) as Argonaut claims.

11. Argonaut's interpleader action is an attempt to relieve itself of any further liability while depriving the injured parties and their families the additional one million dollars ($1,000,000) of insurance proceeds that is available under the underinsurance coverage in the commercial auto policy.

12. The commercial auto policy, No. BA9124636-03, which is attached to Argonaut's Complaint as Exhibit 1, provides a liability clause with coverage of one million dollars ($1,000,000) and an underinsured motorist coverage clause of one million dollars ($1,000,000) that becomes available when the ordinary liability limits are exceeded by the claims as in they are in this matter.

13. In the alternative, Defendant asserts that the policy contract is so ambiguous that it must be read as providing the additional one million dollars ($1,000,000) of uninsured motorist benefits to Defendant and the other passengers.

14. Argonaut has, through their Senior Claims Adjuster handling this claim, represented that the policy limits in existence which cover this wreck are in the amount of three million dollars ($3,000,000).

15. Pursuant to 28 U.S.C. § 2201, Defendant respectfully requests that this Court declare the rights and obligations of the parties pursuant to the insurance policies issued by Plaintiff to FBC; specifically, that the Court declare that the total of insurance funds available under the subject policies is three million dollars ($3,000,000).

16. Pursuant to Ark. Code Ann. § 23-79-210, Defendant respectfully requests payment by Argonaut for the injuries that she and A.M. sustained as a result of the subject wreck to the extent that all insurance proceeds under the subject policies have not been interplead into the Registry of the Court.

17. Defendant reserves the right to amend this Counterclaim as discovery is ongoing.

WHEREFORE, the Defendant, Sonia Martinez, individually, and as mother and next of kin to A.M., prays that this Court find as a matter of the law that Argonaut owes the total of three million dollars ($3,000,000.00) under its policies, for their attorney's fees, costs and any all other proper relief to which they may be entitled.

Respectfully submitted,
Sonia Martinez, individually, and as mother and next of kin to A.M., Defendant

By:  *D K Joyce*
Joyce Law Firm
D. Kirk Joyce
Counsel for the Defendant
Arkansas Bar No. 96189
440 N. College Ave., Suite 2
Fayetteville, AR 72701
Ph:  (479) 442-5577
Fax:  (479) 442-2103

CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel(s) for the opposing party in the above captioned matter a true and correct copy of this pleading by electronic filing this 24th day of March, 2011.

*D K Joyce*
D. Kirk Joyce