## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**ARGONAUT GREAT CENTRAL INSURANCE COMPANY**                                    **PLAINTIFF**

**VS.**                                    **CASE NO. 4-11-CV-0206-BSM**

**JERRY CASEY; WENDY REYNA, as personal representative for the
ESTATE OF MARIA TERESA ORTEZ;
AMINTA ORTEZ; DAISY VILLEDAS;
RENEE ARMANDO ROSALES, as personal representative for the
ESTATE OF ANA DEL CARMEN ORTEZ;
MARIA HERNANDEZ, individually, and as mother and next of kin to
KILLIAM HERNANDEZ, KIMBERLY HERNANDEZ and
ASHLEYAMILCAR HERNANDEZ;
ANA ORTIZ; JOSE ESCALANTE; YOLANDA VELAZQUEZ;
JORGE DANIEL CERDA, individually, and as father and next of kin to
LIDANIA CERDA and EDREI CERDA; CARMEN FLORES;
CAROLINA GRANDE; MONICA ALVARADO;
CESAR ZELAYA; SONIA MARTINEZ, individually,
and as mother and next of kin to ABIGAIL MARTINEZ;
GLEN NOREGA; CLEMENTINA CISNEROS; ROSALINDA SILVA, individually and
as mother and next of kin to JOEL SILVA and JEREY SILVA;
JAIME BECERRA, individually, and as father and next of kin to
GWENDOLYN BECERRA, JOCELYN BECERRA, and BEATRIZ BECERRA;
BERTOBELIO MEJIA; LILIA MEJIA;
RUSSELLVILLE HOLDINGS, LLC d/b/a SAINT MARY'S REGIONAL MEDICAL CENTER;
WASHINGTON REGIONAL MEDICAL CENTER;
CLAY M. BERGER, D.C. d/b/a NATURAL HEALTHCARE CLINIC;
AIR EVAC EMS, INC. d/b/a AIR EVAC LIFETEAM;
ARKANSAS CHILDREN'S HOSPITAL;
QHG OF SPRINDALE, INC. d/b/a NORTHWEST MEDICAL CENTER OF WASHINGTON
COUNTY; HUMANA; JOHNSON REGIONAL MEDICAL CENTER; and
ARKANSAS STATE HIGHWAY AND
TRANSPORTATION DEPARTMENT**                                    **DEFENDANTS**

**WENDY REYNA, as personal representative for the
ESTATE OF MARIA TERESA ORTEZ, et al**                                    **COUNTERCLAIMANTS**

**VS.**

**ARGONAUT GREAT CENTRAL INSURANCE COMPANY**                                    **COUNTERDEFENDANT**

## ANSWER TO DAISY VILLEDA'S COUNTERCLAIM
## FOR DECLARATORY JUDGMENT

Comes the plaintiff/counterdefendant, Argonaut Great Insurance Company (hereinafter "Argonaut"), by its attorneys, Barber, McCaskill, Jones & Hale, P.A., and for its Answer to Daisy Villeda's Counterclaim for Declaratory Judgment, states:

1.      Argonaut denies all allegations that are not specifically admitted herein.

2.      With regard to paragraph 1, Argonaut admits it is an Illinois Corporation doing business in the State of Arkansas.

3.      Argonaut is without sufficient information with which to admit or deny the allegations contained in paragraph 2 of the Counterclaim and, therefore, those allegations are denied.

4.      The allegations contained in paragraph 3 of the Counterclaim are admitted.

5.      With regard to paragraph 4 of the Counterclaim, it is admitted that on or about April 24, 2010, there were several passengers on a bus owned and operated by the First Baptist Church of Bentonville when the bus was involved in a single-vehicle accident. Argonaut is without sufficient information with which to admit or deny the remaining allegations of paragraph 4 of the Counterclaim and, therefore, those allegations are denied.

6.      Argonaut is without sufficient information with which to admit or deny the allegations contained in paragraph 5 of the Counterclaim and, therefore, those allegations are denied.

7.      With regard to paragraph 6 of the Counterclaim, it is admitted that at the time of the subject accident, Argonaut had in force policy numbers BA – 9124636-03 and UMB – 9124636-04 issued to the First Baptist Church of Bentonville, a charitable or eleemosynary entity

otherwise immune from suit. The balance of the allegations contained in paragraph 6 of the Counterclaim are denied.

8.      The allegations contained in paragraph 7 of the Counterclaim are admitted.

9.      The allegations contained in paragraph 8 of the Counterclaim are legal conclusions that do not require a response. To the extent a response is deemed required, those allegations are denied.

10.     With regard to paragraph 9 of the Counterclaim, it is admitted that on March 2, 2011, Argonaut caused to be filed a Complaint in Interpleader. The balance of the allegations contained in paragraph 9 of the Counterclaim are denied.

11.     With regard to paragraph 10 of the Counterclaim, it is admitted there are $2,000,000.00 in policy proceeds available to the defendants in this case. Argonaut is without sufficient information with which to admit or deny the remaining allegations contained in paragraph 10 of the Counterclaim and, therefore, those allegations are denied.

12.     The allegations contained in paragraph 11 of the Counterclaim are admitted.

13.     The allegations contained in paragraph 12 of the Counterclaim are denied.

14.     The allegations contained in paragraph 13 of the Counterclaim are denied.

15.     The allegations contained in paragraph 14 of the Counterclaim are legal conclusions that do not require a response. To the extent a response is deemed required, those allegations are denied.

16.     The allegations contained in paragraph 15 of the Counterclaim are legal conclusions that do not require a response. To the extent a response is deemed required, those allegations are denied.

17.     With regard to paragraph 16 of the Counterclaim, it is admitted there is email correspondence between a Senior Claims Adjuster of Argonaut and some of the defendants' counsel mistakenly referencing $3,000,000.00 in policy limits. However, it is specifically denied that the Senior Claims Adjuster of Argnonaut represented and agreed that the policy limits in existence which cover this wreck are in the amount of $3,000,000.00. The remaining allegations contained in paragraph 16 are specifically denied. Argonaut affirmatively pleads that coverage cannot be created by estoppel or waiver. Argonaut also affirmatively pleads the terms of the subject insurance contracts will govern the amount of policy proceeds available in this case; and defendants cannot demonstrate a reliance upon the subject correspondence or a change in their position as a result of same.

18.     Paragraph 17 of the Counterclaim does not contain any allegations requiring a response. To the extent a response is deemed required, those allegations are denied.

19.     Paragraph 18 of the Counterclaim does not contain any allegations requiring a response. To the extent a response is deemed required, those allegations are denied.

20.     Paragraph 19 of the Counterclaim does not contain any allegations requiring a response. To the extent a response is deemed required, those allegations are denied.

21.     Paragraph 20 of the Counterclaim does not contain any allegations requiring a response. To the extent a response is deemed required, those allegations are denied.

22.     Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Argonaut affirmatively pleads that the Counterclaim fails to state facts upon which relief may be granted and reserves the right to file a Motion to Dismiss on this ground.

23.     In addition to the affirmative defenses pled elsewhere, pursuant to Rule 8 of the

Federal Rules of Civil Procedure, Argonaut affirmatively pleads there is failure of consideration.

24.     Argonaut reserves the right to file an Amended Answer and otherwise plead

further following investigation and discovery.

WHEREFORE, having fully answered, plaintiff/counterdefendant, Argonaut Great

Central Insurance Company, prays the Counterclaim against it be dismissed, for its costs herein

incurred, and for all other just and proper relief.

Respectfully submitted,

BARBER, McCASKILL, JONES & HALE, P.A.
Attorneys for Defendants
400 W. Capitol, Suite 2700
Little Rock, AR 72201
(501) 707-6129/(501) 372-2802 (Fax)

By: __/s/ Jonathan E. Baker_____
      Scott M. Strauss        AR BIN  92009
      Jonathan E. Baker       AR BIN  08176

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2011, I electronically filed the foregoing
with the Clerk of the Court using the EM/ECF system, which shall send notification and a copy
of the foregoing to the following attorneys of record:

Mr. Sean T. Keith
Keith, Miller, Butler, Schneider & Pawlick, PLLC
224 S. 2nd Street
Rogers, Arkansas 72756
skeith@arkattorneys.com

Ms. Anna R. Betts
Keith, Miller, Butler, Schneider & Pawlick, PLLC
224 S. 2nd Street
Rogers, Arkansas 72756
abetts@arkattorneys.com

Mr. Jeremy Ament
Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A.
119 South Second Street
Rogers, Arkansas 72756
jsa@mcrmt.com

Ms. Susan Keller Kendall
Kendall Drewyor Law Firm
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
skk@kendalldrewyor.com

Mr. Donald B. Kendall
Kendall Drewyor Law Firm
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
dbk@kendalldrewyor.com

Mr. Wesley A. Cottrell
Cottrell Law Office
117 South Second Street
Rogers, Arkansas 72756
wes@cottrelllawoffice.com

Ms. Michelle Davenport
Arkansas Highway and Transportation Department
P.O. Box 2261
Little Rock, Arkansas 72203
Michelle.davenport@arkansashighways.com

Mr. W. Michael Reif
Dover, Dixon & Horne, PLLC
425 West Capitol Ave., Suite 3700
Little Rock, AR 72201
Mreif@ddh-ar.com

Mr. D. Kirk Joyce
Joyce Law Firm
440 North College Ave., Suite 2
Fayetteville, AR 72701
Dkj@joycelaw.us

Mr. Tim Boone
Munson, Rowlett, Moore & Boone
400 West Capitol Ave., Suite 1900
Little Rock, AR 72201
Tim.boone@mrmblaw.com

Ms. Mary Carole Crane
Munson, Rowlett, Moore & Boone
400 West Capitol Ave., Suite 1900
Little Rock, AR 72201
Mc.crane@mrmblaw.com

                                        __/s/ Jonathan E. Baker_____
                                            Jonathan E. Baker